UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

CYNTHIA HAYES, AS EXECUTRIX OF THE ESTATE OF DONNA ANN HAYES,

PLAINTIFF

v.

COLGATE-PALMOLIVE COMPANY, ET AL.,

DEFENDANTS

CIVIL ACTION NO. 3:19-CV-316-JHM-RSE

**COLGATE-PALMOLIVE COMPANY'S RESPONSE TO COURT'S ORDER TO RESPOND TO PLAINTIFF'S EMERGENCY MOTION TO REMAND**

Defendant, Colgate-Palmolive Company, by counsel, hereby submits the following in response to the Court's order (DN 21) requiring defendants to respond to Plaintiff's Emergency Motion to Remand. (DN 10.)

On April 25, 2019, Defendant Johnson & Johnson ("J&J") removed only those claims against J&J by Plaintiff in the above-captioned matter which it defined as "State Court Talc Claims." (*See* DN 1, "Notice of Removal" at 1.) J&J removed those claims pursuant to Rule 9027 of the Federal Rules of Bankruptcy Procedure, and 28 U.S.C. §§1334 and 1452.

Colgate takes no position on the merits of J&J's removal. However, Colgate cannot be a party to J&J's removal as J&J has removed only those State Court Talc Claims that apply to solely J&J vis-a-vis Plaintiff. 28 U.S.C. § 1452, provides that "[a] party may remove any claim or cause of action" over which the Federal District Court has jurisdiction under Section 1334. 28 U.S.C. § 1452(a). In so defining its removal as to those limited "State Court Talc Claims" specific to J&J, Colgate asserts it is not a party to this removal, nor does it join in any argument

made by J&J that under 28 U.S.C. §1334(b), Colgate is making any claim "related to cases under title 11." 28 U.S.C. §1334(b).

In the matter of *In re Princess Louise Corp*. (1987) 77 BR 766, 769-770 (Bankr. C.D. Cal. 1987), the Court ruled as follows: "Section 1452 provides flexibility to the removing party that is not available for the non-bankruptcy removal to federal district court. <u>Section 1452 permits the removing party to select those claims or causes of action to be removed, and to leave the remainder for litigation in state court</u>. Alternatively, the removing party may choose to remove all claims or causes of action from the state court, thereby depriving the state court of all further jurisdiction until such time as there may be a remand. <u>The Court holds that the scope of what is removed from state court to the bankruptcy court is determined by the removal petition</u>. If the removal petition extends to the entire state court action, the entire state court action is removed to the bankruptcy court. . . To determine the extent of what has been removed from its jurisdiction, a state court need consult only the removal petition . . . It need not await a ruling from the bankruptcy court as to the extent of what has been removed, and it need not rely on representations of counsel as to what they intended to remove . . . . If . . . the removal petition indicates that only specified claims or causes of action have been removed, the state court may proceed with what has not been removed." *Id*. (emphasis added). In *Anstine Musgrove, Inc. v. Calcasieu Refining Company*, Case No. 10-1173-JWL, 2010 U.S. Dist. LEXIS 93549, at *16 (D. Kan. Sep. 8, 2010) the Court similarly ruled that, "Section 1452, on the other hand, permits the removal of discreet claims that relate to bankruptcy." *Id*.

Here, it is clear that in defining "State Court Talc Claims" as those claims specific to it, J&J intended to remove only those particular claims, and that the remainder of this matter, as well as the parties to it, including Colgate, are properly venued in the State Court. (*See* also DN

26, J&J's Opp. to Pltf.'s Emergency Mot. to Remand, at 28 n.32 (stating that "J&J removed only the claims that Plaintiff alleged against it – and not its [sic] against its co-defendants, including Colgate-Palmolive").)

Lastly, should this Court deny Plaintiff's motion to remand and take the position that Colgate is a party to this Federal Court action, Colgate hereby gives notice pursuant to Federal Rule of Bankruptcy Procedure 9027(e)(3) that it does not consent to the Bankruptcy Court entering final orders or judgment against this Defendant.

Respectfully submitted,

*Frederick R. Bentley III*

Matthew W. Breetz
Frederick R. Bentley III
STITES & HARBISON PLLC
400 West Market Street
Suite 1800
Louisville, KY 40202-3352
Telephone: (502) 587-3400
Facsimile: (502) 587-6391
mbreetz@stites.com
rbentley@stites.com

COUNSEL FOR COLGATE-PALMOLIVE COMPANY

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was electronically filed using the ECF System on this 13th day of May, 2019, which provides service upon all counsel of record in this action.

*Frederick R. Bentley III*
Counsel for Colgate-Palmolive Company