UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CYNTHIA HAYES, AS EXECUTRIX OF
THE ESTATE OF DONNA ANN HAYES,
PLAINTIFF

VS. CASE NO. 3:19-cv-00316-JHM

COLGATE-PALMOLIVE COMPANY, ET AL,
DEFENDANTS

**PLAINTIFF'S REPLY IN SUPPORT OF HER EMERGENCY MOTION TO REMAND**

Comes the Plaintiff, Cynthia Hayes, as Executrix of the Estate of Donna Ann Hayes, by counsel, and hereby files her Reply In Support of her Emergency Motion to Remand this state law tort action back to the Jefferson Circuit Court, Division 10. Based on the following, Plaintiff respectfully requests this Honorable Court grant the instant Motion and immediately remand this case back to state court for trial scheduled to being on July 16, 2019.

**ARGUMENT**

Defendant Johnson & Johnson failed to provide the Court with any evidence or authority to refute Plaintiff's Emergency Motion to Remand. Johnson & Johnson's disagreement with the necessity for remand does not render remand improper or inappropriate. As set forth in Plaintiff's Emergency Motion, Johnson & Johnson improvidently removed this case to this Court two and a half months before trial. This action must be remanded to the state court from which it was removed for all the reasons set forth in Plaintiff's Motion.

**1. This Court Need Not Wait on the Delaware District Court Before Remanding This Case to State Court.**

To delay the trial set to begin in state court on July 16, 2019, Johnson & Johnson asserts this Court should hold Plaintiff's Emergency Motion to Remand in abeyance pending the decision of the Delaware District Court on the Defendant's motion to fix venue. The Defendant asserts the Delaware court's ruling on its motion will be "speedy" and "forthcoming." There is no reason this Court's control of its docket should be surrendered to the decision-making process of a foreign court.

Many courts considering similar issues concerning Johnson & Johnson's removal of state law talc claims have not waited on the Delaware court but instead speedily remanded those cases. No fewer than **93** state law talc cases removed by Johnson & Johnson have been remanded to the state courts from which they were removed, many *sua sponte*.[1] Contrary to the Defendant's assertion, many of the courts which have considered these issues held that judicial economy supported remand because the state courts had considered the plaintiffs' state law claims for months or even years, and litigation in federal court would needlessly duplicate judicial resources.[2] Accordingly, the Court should grant Plaintiff's Emergency Motion to Remand.

**2. Johnson & Johnson's Removal Was Untimely.**

Johnson & Johnson asserts that Plaintiff's state law tort claims are "related to" Imerys' Chapter 11 bankruptcy, and thus the time limits set forth in Bankruptcy Rule 9027 should apply.[3] However, as set forth in Plaintiff's Emergency Motion, her claims against Johnson & Johnson are

---

[1] **Exhibit 1:** Remand Orders.

[2] **Exhibit 2:** Remand Orders in *Wagner, et al v. American Art Clay Co., Inc., et al*, Case No. CV 19-3374 PA (MAAx), Central Dist. Cal, April 29, 2019; *Burton v. Johnson & Johnson, et al*, Case No. CV 19-3299 PA (SSx), Central Dist.Cal., April 30, 2019; *Bafalon v. Johnson & Johnson et al*, Case No. CV 19-3239 PA (JEMx), Central Dist. Cal., May 1, 2019.

[3] *See*, Johnson & Johnson's Memorandum in Opposition to Plaintiff's Emergency Motion to Remand, at p. 10.

not "related to" Imerys' bankruptcy case. Plaintiff's claims are based upon Johnson & Johnson's own conduct, not that of Imerys or the Debtor Estate. Because Plaintiff's claims are not "related to" the Imerys bankruptcy case, 28 U.S.C. § 1446(b)(3), which imposes a 30-day time limit on removal, applies. Accordingly, Johnson & Johnson's removal was untimely, and the Court should remand to state court for further proceedings.

**3. Johnson & Johnson Waived Its Right of Removal.**

The Defendant argues its continued defense of itself in state court cannot constitute a waiver of its right to removal.[4] However, its position is directly contrary to established law in this Circuit. *Queen v. Dobson Power Line Const. Co.* is directly on point.[5] Johnson & Johnson demonstrated its clear intent to adjudicate this case in state court after Imerys filed its bankruptcy petition. Johnson & Johnson did not merely participate in rudimentary or ancillary matters after Imerys filed for bankruptcy. It participated in a two-day hearing before the state court which pertained to its motion for summary judgment as well as several *Daubert* motions it filed or joined. At no time did Johnson & Johnson advise the state court that it was going to remove this action to federal court. At no point did it argue that the state court should not rule on its motions because it would be more efficient to litigate in federal court. Instead, Johnson & Johnson aggressively argued for dismissal. It aggressively argued for exclusion of experts. It manifested a willingness to litigate the merits of the case to the state court.

Johnson & Johnson "clearly and unequivocally" would have accepted summary judgment had the state court granted it. However, the state court denied Johnson & Johnson's motion for summary judgment. Less than two weeks after the state court denied its motion, it removed to this Court. Johnson & Johnson contends it should be forgiven for its continued litigation of the state

---

[4] *See*, Johnson & Johnson's Memorandum in Opposition to Plaintiff's Emergency Motion to Remand, at p. 13.
[5] *Queen v. Dobson Power Line Const. Co.*, 414 F.Supp.2d 676 (E.D.Ky. 2006).

court action while it used the majority of the 90 days it contends it was afforded to remove while balancing the rights of state litigants to an expeditious resolution. While there is no evidence Johnson & Johnson's actions have been taken in the best interests of state court plaintiffs, it took substantial action to litigate this case and seek the ultimate relief from the state court. Now that it lost critical motions in the state court, it removes in the interest of "efficiency" and "judicial economy." Despite the Defendant's protestations, its actions are a clear attempt to affect an end run around adverse state court rulings and forum shop for what it believes will be a more advantageous court.

**4. Plaintiff's Claims Are Not Related To Imerys' Bankruptcy.**

Johnson & Johnson failed to provide the Court with any evidence or authority which demonstrates that Donna Hayes' claims against Johnson & Johnson are related to Imerys' bankruptcy proceeding. The Defendant's conclusory assertion that "No matter the verdict, Plaintiff's lawsuit against J&J will impact the Debtors' estate" is unsupported by the record. The indemnification agreements relied upon by Johnson & Johnson are fact dependent and highly qualified, and there is no evidence that either party has agreed to indemnify the other. No cross-claims or third-party complaints have been filed by Johnson & Johnson or the Debtor seeking indemnity related to Donna Hayes' claims against either of them. Plaintiff is aware of three verdicts in mesothelioma cases and more in ovarian cancer cases, but she is unaware of any indemnity lawsuits filed between Johnson & Johnson and the Debtors arising out of personal injury asbestos claims asserted against them. The Defendant is asking the Court to take jurisdiction over claims that have not been filed and may never be filed. Even if Johnson & Johnson and the Debtor asserted indemnification claims against one another, such claims are highly fact dependent and must be

litigated in a separate proceeding. Neither party is guaranteed to obtain indemnification from the other.

Further, Johnson & Johnson has provided no evidence of shared insurance policies potentially covering the Debtors. It produced no declarations pages, policy statements, or anything else that would support the Debtors' statements to this Court or the bankruptcy court. Contrary to Johnson & Johnson's argument, "take our word for it" approach, it has not satisfied its burden to demonstrate it obtained insurance policies naming the Debtor as an insured.[6] Johnson & Johnson asks for extraordinary relief without providing the Court with any shred of proof demonstrating shared insurance coverage.

**5. The Delaware District Court Denied Johnson & Johnson's Emergency Motion for Provisional Transfer.**

The Delaware court to which Johnson & Johnson seeks transfer has already denied the Defendant's Emergency Motion for Provisional Transfer concerning many similar issues.[7] In denying Johnson & Johnson's request for *ex parte* relief, the court held the Defendant did not show that it would be irreparably harmed by a denial of transfer, as it is not the Debtor and not in financial distress.[8] Indeed, the Debtors themselves have not moved for transfer of venue or sought expedited relief.[9] Further, Johnson & Johnson is at fault for having created the purported "emergency" as it is responsible for the multiplicity and timing of removals necessitating remand motions.[10] Having

---

[6] *See*, Johnson & Johnson's Memorandum in Opposition to Plaintiff's Emergency Motion to Remand, at p. 18, fn. 22.
[7] **Exhibit 3:** Memorandum Opinion Denying Johnson & Johnson's Emergency Motion for Provision Transfer and *Ex Parte* Relief, *In re: Imerys Talc America, Inc., et al*, Bankr. Case No. 19-10289-LSS, U.S. Dist. Ct. Del., entered 05/09/19.
[8] *See*, Exhibit 3: Memorandum Opinion, at p. 6.
[9] *See*, Exhibit 3: Memorandum Opinion, at p. 6.
[10] *See*, Exhibit 3: Memorandum Opinion, at p. 6.

chosen to remove cases, Johnson & Johnson set in motion requests for remand it now seeks to hold in abeyance.[11]

In denying provisional transfer to Delaware, the court held that Johnson & Johnson failed to cite any authority which support a non-debtor's transfer of 2,400 actions irrespective of the facts and circumstances of each case, even on a provisional basis.[12] The Delaware court recognized that one of the dangers of provisional relief is the unnecessary delay and disruption that would result from transfer to Delaware of cases that could be remanded back to state court.[13] The court made clear that the facts and circumstances of each case must be considered when evaluating whether transfer is warranted.[14] The court refused to order provisional transfer of 2,400 cases, irrespective of the facts.[15]

**6. Mandatory and Permissive Abstention Require Remand.**

As set forth in Plaintiff's Emergency Motion, both mandatory and permissive abstention are applicable and require remand. Johnson & Johnson failed to refute the arguments set forth in Plaintiff's Emergency Motion, and thus the Court should abstain and remand.

**a. Mandatory Abstention Applies and Requires Remand.**

Johnson & Johnson's assertion that mandatory abstention is inapplicable is misplaced, as mandatory abstention applies where the cause of action does not arise under Title 11. In *Broyles v. U.S. Gypsum Co.*, the court held mandatory abstention applied to the plaintiff's non-core personal injury claims and remanded the case to state court:

> Additionally, the exclusion of certain non-core proceedings from mandatory abstention under 28 U.S.C. § 157 is inapplicable here. "Non-core proceedings under section 157(b)(2)(B) of title 28, United States Code, shall not be subject to the

---

[11] *See*, Exhibit 3: Memorandum Opinion, at pp. 6-7.
[12] *See*, Exhibit 3: Memorandum Opinion, at p. 8.
[13] *See*, Exhibit 3: Memorandum Opinion, at p. 9.
[14] *See*, Exhibit 3: Memorandum Opinion, at p. 10.
[15] *See*, Exhibit 3: Memorandum Opinion, at p. 10.

> mandatory abstention provisions of section 1334(c)(2).” *See* 28 U.S.C. § 157(b)(4). Although such non-core proceedings include those which are founded in tort, § 157(b)(2)(B) applies to “a case under title 11.” The instant case, which primarily seeks enforcement of a settlement agreement resulting from a tort action, is not under title 11, but only related to the [debtor] bankruptcy petition.[16]

Other courts have similarly found that the exclusion of certain non-core proceedings from mandatory abstention under 28 U.S.C. § 157 is inapplicable where the non-core proceeding does not arise under Title 11 but is merely related to a bankruptcy petition. In *Owens v. Griffin Industries, Inc.*, the court determined that mandatory abstention applied to a state law tort action initiated prior to the defendant’s bankruptcy.[17] The *Owens* court held that “[c]ommonplace tort claims, pre-petition claims based on tort or contract law, and other contract or tort claims not predicated on federal bankruptcy law” have all been held to be non-core proceedings and could be “at most ‘related to’ bankruptcy.”[18]

> “Mandatory abstention applies only to non-core proceedings ‘related to a case under title 11,’ or peripheral to the bankruptcy proceeds, not to those ‘arising under title 11’ or ‘arising in a case under title 11.’ If the proceeding is non-core and all of the other conditions [of 28 U.S.C. § 1334(c)(2)] are met, then abstention is mandatory.”[19]

In *Payne v. Doe*, the court held that plaintiff’s personal injury claim was not created by Title 11 and is not governed by the Bankruptcy Code, and consequently was not a core proceeding.[20]

Donna Hayes’ claims arise under Kentucky state tort law, not Title 11, and are clearly non-core. Her claims “could well exist, and indeed does exist, outside of the bankruptcy proceeding.”[21] The 28 U.S.C. § 157(b)(4) exclusions cited by the Defendant are accordingly inapplicable. Because

---

[16] *Broyles v. U.S. Gypsum Co.*, 266 B.R. 778, 783-784 (E.D. Tex. 2001).
[17] **Exhibit 4:** *Owens v. Griffin Industries, Inc.*, 2008 WL 11344856 (S.D.Miss. June 10, 2008).
[18] *See*, Exhibit 4: *Owens*, 2008 WL 11344856 at *2.
[19] *See*, Exhibit 4: *Owens*, 2008 WL 11344856 at *2, citing *In re Gober*, 100 F.3d 1195, 1206 (5th Cir. 1996).
[20] **Exhibit 5:** *Payne v. Doe*, 2017 WL 1227932 (E.D.Va. March 31, 2017).
[21] *See*, Exhibit 5: *Payne*, 2017 WL 1227932 at *3.

the other provisions of 28 U.S.C. § 1334(c)(2) are met, mandatory abstention is applicable and requires remand.

**b. Permissive Abstention Requires Remand.**

Johnson & Johnson failed to demonstrate that permissive abstention should not be exercised. The factors for permissive abstention set forth by this Court in *In re Lowenbraun* are all either neutral or weigh heavily in favor of remand.[22] The Defendant failed to address each of these factors, ignoring them and instead relying on factors set forth by other courts. Further, the Defendant alleges courts are hesitant to invoke permissive abstention, but the numerous orders attached hereto in which the courts remanded plaintiffs' state law tort claims against Johnson & Johnson demonstrates that courts routinely consider permissive abstention and exercise it where appropriate.[23]

Johnson & Johnson failed to provide the Court with any rationale or equitable grounds to refrain from permissive abstention. Accordingly, permissive abstention weighs heavily in favor of remand in this case.

**7. Sanctions are Appropriate in this Case.**

As set forth in Plaintiff's Emergency Motion, Johnson & Johnson's improvident, bad faith removal warrant the imposition of sanctions in this case. After litigating this case in state court for nearly three years, Johnson & Johnson removed this case to federal court less than three months before trial. Most discovery has taken place, and the Jefferson Circuit Court has issued numerous substantive rulings, including denying Johnson & Johnson's motion for summary judgment. The only defense Johnson & Johnson can muster for its actions is that it has acted similarly in hundreds

---

[22] *In re Lowenbraun*, 313 B.R. 408, 413-414 (Bankr.W.D. Ky. 2004). See also, Plaintiff's Emergency Motion to Remand, at pp. 24-27.

[23] *See*, Exhibit 1: Remand Orders.

of cases, not just Plaintiff's. Plaintiff is not aware of the facts and procedural posture of each of the other cases which Johnson & Johnson has removed. However, on the facts of this case and given its posture, there can be little doubt that the Defendant removed this case at the eleventh hour, after adverse rulings from the state court, to avoid a long-scheduled trial. Johnson & Johnson must be sanctioned for its actions.

## CONCLUSION

For the reasons set forth herein and in Plaintiff's Emergency Motion to Remand, Plaintiff respectfully requests the Court remand this case to the state court from which it was improvidently removed.

Respectfully submitted,

**SATTERLEY & KELLEY, PLLC**

/s/ Paul J. Kelley
Joseph D. Satterley, Esq., 86838
Paul J. Kelley, Esq., 88950
Paul J. Ivie, Esq., 91481
J. Eric Kiser, Esq., 96776
J. Garrett Cambron, 98016
8700 Westport Road, Suite 202
Louisville, KY 40242
PH: (502) 589-5600
FAX: (502) 814-5500
**COUNSEL FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

It is hereby certified that a true and accurate copy of the foregoing document was this **_14th** day of **May**, **2019**, electronically filed with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to all counsel for Defendants.

/s/ Paul J. Kelley
**COUNSEL FOR PLAINTIFF**