UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

CIVIL ACTION NO: 3:19-CV-00316-JHM

CYNTHIA HAYES, AS EXECUTRIX OF
THE ESTATE OF DONNA ANN HAYES                                          PLAINTIFF

V.

COLGATE-PALMOLIVE COMPANY, et al.                                      DEFENDANTS

## Memorandum Opinion and Order

This matter is before the Court on Plaintiff's Emergency Motion to Remand [DN 10], Plaintiff's Motion for Leave to File Excess Pages [DN 23], and Defendant Johnson & Johnson's Motion for Leave to File Excess Pages [DN 25]. Fully briefed, these matters are ripe for decision. For the following reasons, both Motions for Leave to Files Excess Pages are **GRANTED** and Plaintiff's Emergency Motion to Remand is **GRANTED**. Plaintiff's request for attorney's fees and costs is **DENIED**.

### I.   Background

Donna Ann Hayes ("Decedent") brought an action in Jefferson Circuit Court on July 25, 2016. [DN 1-2, DN 10 at 1]. Decedent alleged that her malignant mesothelioma was a result of her use of Defendant Johnson & Johnson's ("J&J") talcum powder products containing asbestos— specifically, J&J's Cashmere Bouquet and Shower to Shower talcum products. [DN 1-2 at 10–11, DN 10 at 1]. Decedent also sued other parties in her state action but the causes of action against J&J are the only ones relevant to the instant Motion. [DN 1-2 at 5–8]. Decedent died of malignant mesothelioma on December 7, 2016. [*Id.* at 3–4]. Cynthia Hayes ("Plaintiff"), was appointed executrix of the estate of Decedent on January 18, 2017. [*Id.* at 4]. The state court action was

revived, and Plaintiff, as executrix, was substituted as the plaintiff on February 20, 2017. [*Id.*]. This case has been heavily litigated in state court for almost three years.

On February 13, 2019, the producer of the talcum powder, Imerys Talc America, Inc. ("Imerys"), filed a Notice of Suggestion of Pendency of Bankruptcy and Automatic Stay of Proceedings, informing the Jefferson Circuit Court of its commencement of bankruptcy proceedings in the United States Bankruptcy Court for the District of Delaware pursuant to Chapter 11 of title 11 of the United States Code. [*Id.*].

Two weeks later, J&J participated in oral arguments in the state court action regarding its own motion for summary judgment and other pre-trial motions filed by the parties. [*Id.*]. On April 12, 2019, the state court issued a ruling denying summary judgment to J&J and ruling on most of the motions in limine. [*Id.*]. Despite having two months since Imerys filed its Notice in the Jefferson Circuit Court—the event J&J relies on as creating the basis for federal subject matter jurisdiction—J&J gave no indication it was going to remove the action to federal court.

On April 18, 2019, over two months after Imerys' Notice to the Jefferson Circuit Court, J&J filed in the District Court of Delaware its Motion to Fix Venue for Claims Related to Imerys' Bankruptcy ("Motion to Fix Venue"). [*Id.* at 5]. J&J then filed its Notice of Removal of the state court talcum powder claims on April 25, 2019. [DN 1]. It appears that J&J only intended to remove to federal court Plaintiff's claims against it. [DN 26 n.32]. Accordingly, Plaintiff's action against Defendant Colgate-Palmolive Company remains in state court. As grounds for removal, J&J maintains that federal subject matter jurisdiction exists because the state court action is related to Imerys' Chapter 11 bankruptcy. *See* §§ 1334(b), 1452(a). [*Id.* at 4]. J&J proposes three grounds upon which the Court may find related-to jurisdiction: (1) indemnity agreements; (2) shared insurance policies; and (3) identity of interest. [*Id.*].

Plaintiff filed the instant Emergency Motion to Remand on April 29, 2019. [DN 10]. Plaintiff offered several bases upon which the Court could remand the action to state court: (1) J&J's removal to federal court was untimely and, as such, its right of removal is waived [*Id.* at 5–7]; (2) even if J&J removed in a timely fashion, J&J continued to litigate the action in state court for two months after it allegedly had the right to remove, thus demonstrating its clear intent to litigate in state court [*Id.* at 7–8]; (3) if the Court finds that J&J did not waive its right to remove to federal court, the state court action is not sufficiently related to Imerys' pending bankruptcy to supply the Court subject matter jurisdiction [*Id.* at 9–19]; (4) even if the Court finds there to be subject matter jurisdiction, abstention is mandatory [*Id.* at 20–23]; and (5) even if mandatory abstention does not apply, the factors relevant to permissive abstention warrant remand [*Id.* at 23–28]. In its Response, J&J asks the Court to either deny or defer ruling on Plaintiff's Motion to Remand until the District Court of Delaware rules on its Motion to Fix Venue. [DN 26 at 1, DN 1, DN 1-4]. J&J appears hopeful that the District Court of Delaware will find that the pending state court personal injury and wrongful death actions against it are sufficiently related to Imerys' Chapter 11 bankruptcy pending in its court such that that it will fix venue in Delaware for all such actions. However, the Court is not required to defer its determination as to whether it may exercise jurisdiction over Plaintiff's state court talcum powder claims because of J&J's filing in the District Court of Delaware.

## II. LEGAL STANDARD

It is well established that federal courts are courts of limited jurisdiction, possessing only the authority to hear cases authorized by the Constitution and statute. *Hudson v. Coleman*, 347 F.3d 138, 141 (6th Cir. 2003). The party who seeks to invoke a federal district court's jurisdiction bears the burden of establishing the court's authority to hear the case. *Kokkonen v. Guardian Life*

*Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The Court is mindful that statutes conferring removal jurisdiction, like the one invoked by J&J, are to be strictly construed. *Alexander v. Elec. Data Sys. Corp.*, 13 F.3d 940, 949 (6th Cir. 1994). All doubts as to the propriety of removal are resolved in favor of remand. *Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 534 (6th Cir. 1999).

28 U.S.C. § 1452 provides for the removal of claims related to bankruptcy cases. Subsection (a) of that statute specifies that "[a] party may remove any claim or cause of action in a civil action . . . to the district court for the district where such action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title." § 1452(a). Section 1334(b) grants district courts with "original but not exclusive jurisdiction of all civil proceedings arising under title 11 [of the Bankruptcy Code], or arising in or related to cases under title 11." 28 U.S.C. § 1334(b). Once a claim is removed to federal district court pursuant to § 1452(a), the court to which the claim has been removed "may remand such claim or cause of action on any equitable ground." § 1452(b). An order under this subsection "is not reviewable by appeal or otherwise by the court of appeals under section 158(d), 1291, or 1292 [of Title 28] or by the Supreme Court . . . ." *Id.*

The "any equitable ground" language of § 1452(b) provides federal courts broad authority and discretion in determining whether remand is proper. *Ector Investors, L.P. v. BML, Inc. (In re Warren Producers, Inc.)*, 358 B.R. 717, 719 (Bankr. W.D. Ky. 2007) (citing *Grace Cmty. v. KPMG Peat Marwick, LLP (In re Grace Cmty., Inc.)*, 262 B.R. 625, 629 (Bankr. E.D. Pa. 2001)). Section 1452(b), and its counterpart 1334(c), governing abstention, evince a strong congressional intent that although certain matters *may* be heard in federal court, many should remain in state court. This is particularly true where the action removed to federal court does not maintain a strong connection to the bankruptcy case. Specifically, where there is no basis for federal jurisdiction

4

independent of § 1334(b) and the litigation can be timely completed in state court, trial of state law issues should be allowed to proceed in state court. § 1334(c)(2).

Courts within the Sixth Circuit have established a number of considerations relevant to determining whether an action should be remanded based on equitable grounds. Those considerations include:

> (1) duplicative and uneconomical effort of judicial resources in two forums; (2) prejudice to the involuntarily removed parties; (3) forum non conveniens; (4) the state's ability to handle a suit involving questions of state law; (5) comity considerations; (6) lessened possibility of an inconsistent result; and (7) the expertise of the court in which the matter was originally pending[.]

*Rachmale v. Conese*, 515 B.R. 567, 573 (Bankr. E.D. Mich. 2014) (quoting *In re River City Resort, Inc.*, 14-10745, 2014 WL 3700564, at *11 (Bankr. E.D. Tenn. July 24, 2014)). Courts have also found that "other factors considered . . . in determining whether remand is appropriate are generally the same as those for discretionary abstention." *In re Warren Producers, Inc.*, 358 B.R. at 723 (citing *In re Best Reception Systems, Inc.*, 220 B.R. 932, 957 (Bankr. E.D. Tenn. 1998)). Courts have listed thirteen non-exclusive factors as relevant to discretionary abstention:

> (1) the effect or lack of effect on the efficient administration of the estate if a court abstains; (2) the extent to which state law issues predominate over bankruptcy issues; (3) the difficulty or unsettled nature of the applicable state law; (4) the presence of a related proceeding commenced in state court or other non-bankruptcy court; (5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334; (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case; (7) the substance rather than form of an asserted "core" proceeding; (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court; (9) the burden of this court's docket; (10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties; (11) the existence of a right to a jury trial; (12) the presence in the proceeding of nondebtor parties; and (13) any unusual or other significant factors.

*Lowenbraun v. Frentz (In re Lowenbraun)*, 313 B.R. 408, 413 (Bankr. W.D. Ky. 2004) (quoting *In re Tremaine*, 188 B.R. 380, 384 (Bankr. S.D. Ohio 1995)). Any one of the above considerations

may provide a sufficient basis for remand. In short, the Court has unusually broad discretion in determining whether remand is appropriate under 28 U.S.C. § 1452(b).

### III. DISCUSSION

**A. Motion to Remand**

Even if the Court may have jurisdiction over this action pursuant to related-to jurisdiction, a determination unnecessary to the resolution of Plaintiff's Motion to Remand, the Court concludes that equitable grounds support remand. Plaintiff commenced this action in state court on July 25, 2016. [DN 10 at 3]. According to the final pretrial scheduling order, the action is docketed for trial by jury on July 16, 2019, less than six weeks away. [DN 10-1 at 1]. With the trial set to begin next month, after nearly three years of litigation in the Jefferson Circuit Court, Plaintiff would be prejudiced by the removal of this action to federal court.

Because Plaintiff asserts only Kentucky state law claims against J&J, comity also favors remand. There are not issues of federal law implicated in the resolution of Plaintiff's state court action. Further, J&J points to no other ground—and the Court cannot discern one—for this Court's jurisdiction other than J&J's assertion of related-to jurisdiction pursuant to § 1334. The Kentucky state court, where this case has been developed for the better part of three years, is better able to address this action than this Court.

Finally, judicial economy supports remand. The state court has already considered these state law claims for almost three years—including the consideration of J&J's motion for summary judgment. The interest in judicial economy warns against re-litigation of Plaintiff's Kentucky-based claims in this Court, needlessly duplicating judicial resources committed to the action.

For the foregoing reasons, the Court declines to exercise jurisdiction of Plaintiff's action. In this instance, equitable remand is proper. The action is remanded to the Jefferson County Circuit Court, Case No. 16-CI-003503.

**B. Attorney's Fees and Costs**

Plaintiff has also asked that she be awarded attorney's fees and costs because of J&J's bad faith in the "blatantly improper removal of this case." [DN 10 at 29]. J&J responds that it had an objectively reasonable basis on which the remove the state court talcum action. [DN 26 at 28–29]. That being the case, J&J maintains that an award of fees and costs would be improper.

"An order remanding the case may request payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The use of "may" in this provision gives courts discretion to grant such fees to the opposing party. *Ohio ex rel. Skaggs v. Brunner*, 629 F.3d 527, 530 (6th Cir. 2010). The Supreme Court has held, "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). The Sixth Circuit has "similarly instructed that an award of costs, including attorney fees, is inappropriate where the defendant's attempt to remove the action was 'fairly supportable,' or where there has not been at least *some* finding of fault with the defendant's decision to remove." *Warthman v. Genoa Twp. Bd. of Trs.*, 549 F.3d 1055, 1059–60 (6th Cir. 2008) (internal quotation marks omitted) (emphasis in original).

The Court finds that J&J's attempt to remove the action was objectively reasonable and fairly supportable. Plaintiff hangs much of her argument on the timing of J&J's removal—occurring at the end of several years of litigation in state court, after discovery, and after being denied summary judgment. [DN 10 at 29]. However, J&J did not control when Imerys filed for

7

bankruptcy, the event which precipitated the potential for federal subject matter jurisdiction of Plaintiff's action against J&J. Relying on Imerys' pending bankruptcy in the District Court of Delaware, J&J removed this case and over 2,000 similar cases to federal district courts across the country. The Court is not persuaded that J&J's removal of this action was done in bad faith in an effort to game the state court system by effectively appealing the denial of summary judgment. Instead, J&J's removal seems to be part of a nationwide litigation strategy to defend the pending personal injury and wrongful death actions in federal court. Because the Court finds that J&J's removal was fairly supportable—satisfying the standard articulated by the Sixth Circuit—awarding attorney's fees and costs to the Plaintiff is unwarranted.

## IV. Conclusion

For the reasons set forth above, **IT IS HEREBY ORDERED** that Plaintiff's and Defendant J&J's Motions for Leave to File Excess Pages [DN 23, DN 25] are **GRANTED**. Plaintiff's Emergency Motion to Remand [DN 10] is **GRANTED** and Plaintiff's request for attorney's fees and costs is **DENIED**.

*Joseph H. McKinley*

Joseph H. McKinley Jr., District Judge
United States District Court

June 6, 2019

cc: counsel of record
    Jefferson Circuit Court Clerk